## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Frank E. Bohrn, | Civ. No. 18-826 (MJD/BRT) |
| Petitioner, | |
| v. | **REPORT AND** |
| Warden R. Marquez, | **RECOMMENDATION** |
| Respondent. | |

Frank E. Bohrn, 23106-045, FCI Sandstone, PO Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., Bahram Samie, Esq., Assistant United States Attorneys, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

In this action under 28 U.S.C. § 2241, Petitioner Frank E. Bohrn contends that prison officials abused their discretion by reducing the length of his pre-release placement in a residential reentry center ("RRC" or "halfway house"). (Doc. No. 1, Habeas Pet.) For the reasons stated below, this Court recommends that Petitioner's § 2241 action be dismissed for lack of subject-matter jurisdiction, or in the alternative, be denied on the merits.

## BACKGROUND

Petitioner is a federal prisoner who, at the time he filed this action, was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI

Sandstone"). (Habeas Pet. 1; Doc. No. 7, Decl. of Jon Gustin ("Gustin Decl.") ¶ 22, Ex. B.) Petitioner was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in the United States District Court for the Western District of Missouri. (*Id.*) He was originally sentenced to a 130-month term of imprisonment, but then resentenced to a 120-month term as part of the amendments to the U.S. Sentencing Guidelines. (*Id.*) His projected release date is February 24, 2019. (*Id.*) This is an early release date pursuant to 28 U.S.C. § 3621(e) for the successful completion of a Residential Drug Abuse Program ("RDAP"). (*Id.*)

Inmates can be designated to an RRC as a pre-release placement at the end of their sentence. (Gustin Decl. ¶¶ 5, 8.) They also may be eligible for home confinement for a portion of their pre-release RRC placement. (*Id.* ¶ 5.) At RRCs, staff can help inmates with the basic needs of securing identification, employment, and housing, and provide other programs and services, such as community drug programming. (*Id.* ¶ 9.) In the Second Chance Act of 2008[1] ("SCA"), Congress increased the maximum allowable time for such placements by providing the Bureau of Prisons ("BOP") with authority to grant "to the extent practicable" an inmate up to twelve months in a pre-release RRC placement at the end of the inmate's sentence. 18 U.S.C. § 3624(c)(1); (Gustin Decl. ¶ 5). The SCA also authorizes the BOP to place an inmate on home confinement for a period of ten percent of the inmate's term of imprisonment or six months at the end of the sentence, whichever is shorter. 18 U.S.C. § 3624(c)(2); (Gustin Decl. ¶ 5.)

---

[1]   It appears that Gustin mistakenly referred to this act as the Second Chance Act of 2007 in his declaration. (*Id.* ¶ 5.) The Act became effective April 9, 2008.

An inmate's request for RRC or home confinement placement is evaluated using the following criteria: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(6); (Gustin Decl. ¶ 6). Inmates are evaluated for pre-release RRC placement and/or home confinement 17–19 months before their projected release dates. (Gustin Decl. ¶ 8.) After an inmate's individualized assessment for pre-release placement under the § 3621(b) factors has been conducted, the institution's recommendation is forwarded to the Residential Reentry Manager's ("RRM") office overseeing the proposed RRC. (*Id.* ¶ 10.) RRM staff will finalize the recommendation after considering § 3621(b)(1), i.e., the resources of the facility contemplated. (*Id.*)

Congress also mandates, subject to available funding, that the BOP "shall provide residential substance abuse treatment . . . for all eligible prisoners." 18 U.S.C. § 3621(e)(1)(C). The incentive for prisoners to enroll in the RDAP is a possible reduction in sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B); (Gustin Decl. ¶ 9). To successfully complete RDAP, inmates must complete a minimum of 120 days in a Transitional Drug Abuse Treatment ("TDAT") program while in community confinement, such as an RRC or home confinement. 28 C.F.R. § 550.53(a)(3); (Gustin Decl. ¶ 9, Ex. B at 1–2). If inmates cannot fulfill the TDAT portion of RDAP before their provisional § 3621 release date, the provisional release date can be adjusted "by the least

3

amount of time necessary to allow inmates to fulfill their treatment obligations." 28 C.F.R. § 550.55(c)(3); (Gustin Decl. ¶ 9).

BOP Unit Team Staff reviewed Petitioner under the § 3621(b) factors for a pre-release RRC placement on November 16, 2017. (Gustin Decl. ¶ 23, Ex. C.) Unit Team Staff recommended that Petitioner be placed into a pre-release RRC on May 31, 2018, after completion of the RDAP. (*Id.*) Unit Team Staff noted that Petitioner would be homeless upon his release, but also noted that Petitioner had his GED, was participating in RDAP, paid his special assessment, and took numerous education courses. (*Id.*) They also noted Petitioner maintained his family ties through telephone, email, and letters. (*Id.*) At the time this recommendation was made, Petitioner's projected release date was February 24, 2019, via a § 3621(e) early release. (Gustin Decl. ¶ 24, Ex. C at 1.)

FCI Sandstone's recommendation was referred to the St. Louis RRM's Office to be finalized after consideration of the § 3621(b)(1) factor. (*Id.* ¶ 24.) The RRM Staff determined the most appropriate RRC for Petitioner would be ALPHA House of Springfield, Missouri. (*Id.*) That facility, however, had been operating over contract capacity, and the RRM Staff was managing bed space allocation by adjusting inmates' pre-release RRC placement dates. (*Id.*) Because resources were not available in the community for a longer placement, the RRM Staff determined that Petitioner's pre-release RRC placement should be postponed until October 26, 2018 (reducing the original recommendation of 270 days to a pre-release RRC placement of 120 days). (*Id.*) This new placement date still allowed Petitioner time to complete the TDAT portion of RDAP, and attend to other release needs, prior to his scheduled February 24, 2019 release date. (*Id.*)

4

# ANALYSIS

Petitioner argues that the BOP abused its discretion by not following the factors enumerated in 18 U.S.C. § 3621(b) when deciding on his RRC placement. (Habeas Pet. 6–7; Doc. No. 9, Pet'r's Resp. to Mem. in Opp'n ("Pet'r's Resp.") 4.) Petitioner also argues that his RRC placement was not considered on an individual basis, and the amount of time for placement is not "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 28 C.F.R. § 570.22; (Habeas Pet. 7; Pet'r's Resp. 5). Respondent argues that the petition should be dismissed for lack of subject-matter jurisdiction because BOP decisions on RRC and home placement are not subject to review under the Administrative Procedures Act ("APA"). (Doc. No. 6, Resp't's Resp. to Petition ("Resp't's Resp.") 9–11.) Alternatively, Respondent argues that the petition should be denied on the merits because the BOP properly complied with its duty to review Petitioner for pre-release placement, and Petitioner has no constitutional right to RRC or home confinement placement. (*Id.* at 12–15.)

### A. Petitioner's Petition Should be Dismissed for Lack of Subject-Matter Jurisdiction[2]

Under the APA, courts can review decisions of federal administrative agencies to determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). APA review is not allowed, however,

---

[2]   Petitioner filed this action in the correct venue, and 28 U.S.C. § 2241 is the correct statutory vehicle for Petitioner's claims. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) ("[A] claim attacking the execution of [a] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration.").

5

where judicial review is precluded by statute, or where agency action is committed to agency discretion by law. 5 U.S.C. § 701(a).

One statute that precludes judicial review is 18 U.S.C. § 3625, which provides that the "provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The phrase "this subchapter" refers to subchapter C, 18 U.S.C. §§ 3621–3626, which generally govern BOP authority with respect to federal prisoners. *See Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) (explaining that § 3625, which exempts "any determination, decision, or order under [§§ 3621–3626]" from review under the Administrative Procedure Act, "precludes judicial review of [BOP] adjudicative decisions"); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2001) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."). Several courts in this district have held that § 3625 precludes judicial review of the BOP's discretionary decisions under §§ 3621 and 3624 in the context of RRC and home placement. *See Simon v. LaRiva*, Case No. 16-cv-146 (ADM/TNL), 2016 WL 1626819, at *6 (D. Minn. Mar. 10, 2016) ("The BOP's decision ultimately to place Petitioner in home confinement for three months, rather than six months, was discretionary and this Court lacks subject matter jurisdiction over Petitioner's challenge to the BOP's application of the § 3621(b) factors and other considerations in reaching that decision."); *Crawford v. Nicklin*, Civil No. 13-2462, 2014 WL 538699, at *7 (D. Minn. Feb. 11, 2014) ("Courts in this District have also found

6

§ 3625 precludes judicial review of BOP discretionary decisions under § 3621.") (collecting cases); *Barakat v. Fisher*, No. 13-1296, 2013 WL 6058932, at *1 (D. Minn. Nov. 18, 2013) ("To the extent Barakat challenges the particular determination in his case of the RRC placement, the Court lacks subject matter jurisdiction to review the [BOP's] discretionary decision . . . ."); *Ambrose v. Jett*, No. 13-2343, 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2013) ("[T]his Court does not have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or 3264(c) to place Ambrose in an RRC or in home confinement placement.").

As noted above, the five factors for BOP placement review are as follows: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b).

Pursuant to those factors, on November 16, 2017, the BOP recommended pre-release RRC placement for a variety of reasons, including Petitioner's participation in educational programs, completion of his GED, completion of financial responsibility payments, participation in RDAP, and because he maintained his family ties through telephone, email, and letters. (Gustin Decl. ¶ 23, Ex. C.) The BOP's initial recommendation was for pre-release placement on May 31, 2018, with a release date of February 24, 2019. Subsequent to that initial recommendation, Petitioner's pre-release

placement date was adjusted to October 26, 2018, due to the availability of beds at the ALPHA House of Springfield, Missouri RRC. Thus, the BOP considered the § 3621(b) factors, relying primarily on the history and characteristics of the prisoner and the resources of the contemplated facility. This is a discretionary determination not subject to review in federal court. *See Simon*, 2016 WL 162819, at *5 ("So long as the BOP made an individualized determination in accordance with the appropriate considerations, this Court does not have jurisdiction to evaluate the BOP's exercise of discretion.").[3]

---

[3] Petitioner argues that the reduction in pre-release RRC placement from 270 days to 120 days due to facility resources shows that he was not considered on an individual basis and that the BOP did not act in good faith. (Habeas Pet. 7; Pet'r's Resp. 7–9.) Petitioner, however, was considered on an individual basis pursuant to the factors set forth in § 3621(b), one of which is the resources of the facility contemplated for placement. Petitioner appears to be arguing that the reduction due to facility resources can and should be separated from the initial determination of eligibility, but the consideration of facility resources is part of the individualized placement decision.

Furthermore, Petitioner's reliance on *Ambrose v. Jett*, No. 13-cv-2343 (PJS/JSM), 2013 WL 6058989 (D. Minn. Nov. 15, 2013)—a case in which the court determined the BOP had acted outside its statutory authority—is misplaced. In *Ambrose*, the BOP determined through an RRC assessment that the inmate should be placed in an RRC for 180–270 days. *Id.* at *8. BOP staff at FMC Rochester referred Ambrose to the RRM in Baltimore, who in turn referred him to an RRC for placement. *Id.* The RRC in Baltimore then denied Ambrose placement in their facility based on his conviction for conspiracy to commit arson. *Id.* The *Ambrose* court concluded "that the RRC, an independent contractor, had no authority to make this determination" and "the BOP [could not] hide behind the actions of one private contractor and claim that it has complied with the statutory obligations dictated by §§ 3621(b) and 3624(c)." *Id.* Petitioner's situation is different than that in *Ambrose*. Here, the decision to reduce Petitioner's pre-release RRC placement was an internal Bureau decision and not based on the opinion of a contractor. Plus, the decision to reduce Petitioner's RRC placement was made after review of the § 3621(b)(1) factor, and RRM Staff determined resources were not available in the community for a longer placement.

### B. Alternatively, the Petition Should be Denied on the Merits

Section 3625 generally precludes judicial review of BOP discretionary decisions, but it does not preclude judicial review for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority. *See Ambrose*, 2013 WL 6058989, at *7 (citing *Tapia v. United States*, 131 S. Ct. 2382, 2390–91 (2011); *Reeb*, 636 F.3d at 1228). As discussed in the previous section, the BOP has been given the statutory authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). RRCs and home confinement are considered places of confinement or imprisonment pursuant to this authority. *See id.* § 3624(c); *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004). Furthermore, Petitioner does not have a constitutionally protected liberty interest in serving his sentence at a particular institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996). Therefore, this action should be denied on the merits, if not dismissed for lack of subject-matter jurisdiction, because Petitioner has no constitutional right to a pre-release RRC or home confinement placement. *See, e.g.*, *Davis v. Bledsoe*, No. 3:11-CV-1864, 2012 WL 175401, * 4 (M.D. Pa. Jan. 20, 2012) ("The Magistrate Judge correctly determines that Petitioner does not have a constitutional right to RRC placement and that the Second Chance Act, while authorizing pre-release placement, does not mandate that he be released into an RRC.").

### RECOMMENDATION

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.	Petitioner's Petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED** for lack of subject-matter jurisdiction, or in the alternative, be **DENIED** on the merits; and

2.	This action be **DISMISSED WITH PREJUDICE**.


Date: May 3, 2018.                    *s/ Becky R. Thorson*_____
                                      BECKY R. THORSON
                                      United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report on or before **May 14, 2018**. A party may respond to those objections on or before **May 18, 2018**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).